MATHIS *v*. F. H. WOODRUFF & SONS, INC.

No. 41327          January 11, 1960          116 So. 2d 818

See briefs in Mathis v. Great Southern Wirebound Box Co., 238 Miss. 1, 116 So. 2d 813.

*W. M. Broome,* Crystal Springs, for appellant.

*Henley, Jones & Henley,* Hazlehurst, for appellees.

McGEHEE, C. J.

In this case the appellee sued the appellant for the sum of $1,047.27 as the balance due on the purchase price for certain goods, wares and merchandise purchased from the appellee and delivered to the appellant. The suit is on an allegedly sworn account, but the account is not sworn to. It is merely certified to before

a notary public as being true and correct as to the best knowledge and belief of the appellee. It is probably sufficient as an itemized account, but it is not a sworn account.

The declaration alleged, among other things, the following: "That on or about January 18, 1955, the defendant purchased certain goods, wares and merchandise from the plaintiff for which he became in debted to the plaintiff in the sum of $1,872.00. That since said date, the sum of $824.73 has been paid on said account, leaving a balance due by the defendant to the plaintiff of $1,047.27. A sworn itemized statement of said account is attached hereto as Exhibit 'A,' and it is desired that the same be considered a part hereof as fully as if copied in full herein."

Appellant's answer in full, except as to its formal parts, is as follows: "Defendant admits that he purchased certain goods, wares and merchandise from the plaintiff for the sum of $1,872.00, but denies that he has paid only the sum of $824.73 on said account; and denies that there is a balance due by him to the plaintiff in the sum of $1,047.27 and defendant denies that the sworn itemized statement of account attached is correct and denies that the alleged itemized statement of account is any statement of account whatsoever as contemplated by law.

"Defendant denies that he is indebted to the plaintiff in any sum or sums whatsoever and prays that this suit be dismissed at the cost of the plaintiff."

The foregoing answer may have been sufficient to require the plaintiff in the suit to prove the correctness of the items of goods, wares and merchandise charged to the defendant, in the absence of an affidavit particularizing wherein the itemized account was incorrect. This would probably have been true under the old statute, Section 1754, Code of 1942, and the decisions of this Court construing the same, but under Section 1475.5,

Code of 1942, (Chapter 230, Laws of 1948) the defendant was required to answer fully. Thereunder it is insufficient for a defendant to answer by a general traverse. In other words, if it was untrue that the defendant had paid "only the sum of $824.73 on the account of $1,872.00" he should have stated in his answer as to how much he had paid thereon; and if he intended to deny liability on the remainder of the account in toto, after having admitted that he purchased goods, wares and merchandise from the plaintiff for the sum of $1,872.00, he should have stated why he was not liable for the amount sued for.

Section 1475.5, Code of 1942, provides for testing the sufficiency of an answer by a motion to strike. The plaintiff filed such a motion in the instant case and the court sustained the same and allowed the defendant 7 days within which to amend his answer. This the defendant failed to do, and he thereby left no course open to the trial court to follow except to render a judgment against him for the amount sued for, since there was no sufficient adversary pleading on file in answer to the declaration.

Even though the account sued on was not a sworn account the defendant was required under Section 1475.5, supra, to fully answer the allegation of the plaintiff's declaration hereinbefore quoted.

The procedure in this case, following the filing of the motion by the plaintiff to strike the defendant's answer was in all essential particular the same as the procedure involved in the case of C. D. Mathis v. Great Southern Wirebound Box Co., No. 41,324, this day decided, and the reasoning contained in the opinion therein is applicable here.

The judgment appealed from must, therefore, be affirmed.

Affirmed.

*Hall, Lee, Kyle* and *Holmes, JJ.,* concur.